ZEIGLER v. MANER.

1. USURY—PLEADINGS.—The right to plead usury in a contract is personal alone to the debtor.
2. ASSIGNEE—MORTGAGE—PLEADINGS.—USURY paid to mortgagee may be pleaded against assignee of mortgage.
3. RES JUDICATA.—A judgment in foreclosure against the mortgagor is not *res judicata* against the grantee of the mortgagee whose deed antedates the action, and who is not a party thereto.

Before BENET, J., Barnwell, October, 1897. Modified.

Foreclosure by P. J. Zeigler *v.* Anna B. Maner, Mary A. Sams, V. M. Maner, and H. K. Maner. From judgment for plaintiff, the three last named defendants appeal.

*Mr. I. L. Tobin,* for appellant, cites: *Defendants could plead usury:* 47 S. C., 397. *And counter-claim:* Rev. Stat., 1391.

*Messrs. Patterson & Holman,* contra, cite: *Defense of usury is personal to debtor:* 29 S. C., 508; Rev. Stat., 1390; 47 S. C., 406. *Defendants can not plead against plaintiff usurious interest paid to his assignor:* 47 S. C., 405; 50 S. C., 185.

Aug. 3, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The plaintiff brought this action to foreclose a mortgage of real estate. On the 31st of December, 1890, the defendant, Anna B. Maner, executed a mortgage in favor of the Bank of Allendale on the land

described in the complaint. Anna B. Maner conveyed said land to the other defendants on the 16th of January, 1892. On the 29th of April, 1893, the Bank of Allendale, for valuable consideration, released a part of said land from the lien of the mortgage. The Bank of Allendale, for value, assigned said mortgage to the plaintiff on the 15th of June, 1895. On the 17th of June, 1895, the plaintiff commenced an action against Anna B. Maner to foreclose said mortgage, and on the 20th of August, 1895, a judgment of foreclosure was rendered against the defendant, Anna B. Maner, for the sale of the said land. The plaintiff then discovered that Anna B. Maner had previously conveyed the said land, and he was allowed to amend his summons and complaint by making the grantees of Anna B. Maner parties defendant.

The defendant, Anna B. Maner, did not file an answer, but her codefendants answered, setting up, as a defense, that the amount mentioned in the said mortgage included usurious interest. They also set up a counter-claim, arising out of the alleged fact that they had made various payments of usurious interest to the Bank of Allendale, while it was the owner of said mortgage.

The plaintiff replied to the counter-claim, denying that the payments were made as stated in the answer, and, also, set up as a defense that the matters involved herein, by reason of the judgment of foreclosure recovered against Anna B. Maner, are *res judicata.* His Honor, Judge Benet, overruled the defense and the counter-claim for usury interposed by the appellants, and sustained the defense of *res judicata* set up in plaintiff's reply to the counter-claim, and granted judgment of foreclosure.

The three defendants, who answered the complaint, have appealed upon exceptions which raise the following questions, to wit: 1. Was there error on the part of the Circuit Judge in deciding that the appellants did not have the right to set up as a defense that the contract entered into between Anna B. Maner and the Bank of Allendale, when the mort-

gage was executed, was tainted with usury? 2. Was he in error in deciding that the appellants did not have the right to set up a counter-claim for usurious interest alleged to have been paid by the appellants to the Bank of Allendale while it was owner of the mortgage? 3. Was he in error in deciding that the matters involved herein are *res judicata*, by reason of the judgment of foreclosure against Anna B. Maner?

We proceed to a consideration of the first question. The general rule that the right to plead usury is a privilege personal to the debtor, is well established by the authorities. *Jeffries* v. *Allen*, 29 S. C., 501; 27 A. & E. Enc., 949. The cause of action for usurious interest, alleged to have been charged when the mortgage was executed, accrued to Anna B. Maner, and, under the authority of *Turner* v. *Association*, 47 S. C., 397, she alone could exercise such privilege. The exceptions raising the first question are overruled.

We next proceed to a consideration of the second question. The cause of action accrued to appellants when they paid their alleged usurious interest to the Bank of Allendale while it owned said mortgage. The alleged wrong was suffered by these appellants. They, therefore, had the right to set up a counter-claim. *Turner* v. *Association*, *supra*. The plaintiff to whom the mortgage was assigned did not acquire any greater rights than were possessed by the Bank of Allendale, and, therefore, cannot defeat the counter-claim on the ground that the payments were not made to him. Code, section 133. The exceptions raising the second question are sustained.

We lastly proceed to consider the third question. Anna B. Maner had conveyed the land before the action herein was commenced. These appellants had not been made parties when the judgment of foreclosure was rendered against Anna B. Maner, and they were not bound thereby. If the judgment of foreclosure just mentioned was *res judicata* as to the rights of these appellants,

then there was no necessity for the plaintiff to have amended his pleadings by making them parties. The exceptions raising this question are sustained.

The Circuit Judge decided that the counter-claim could not be set up by these appellants, and, therefore, did not, very properly, under his view of the case, decide as to the merits of the said counter-claim. It will, therefore, be necessary that the case be remanded for that purpose, and, if it is sustained, the amount mentioned in the judgment of foreclosure will necessarily have to be corrected. If the counter-claim is sustained, of course, the plaintiff will not be entitled to interest or costs. Rev. Stat., sec. 1390.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, and the case remanded for the purposes herein mentioned.